IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street S.W., Suite 800<br>Washington, DC 20024,<br><br>       Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001,<br><br>       Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 16, 2024, Plaintiff submitted a FOIA request using the SecureRelease Portal on the website of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), a component of Defendant, seeking access to:

> A. All emails and text messages sent to and from ATF officials regarding Little Rock resident Bryan Malinowski, who died in an ATF raid on March 19, 2024.
> B. All records related to the raid on the home of Bryan Malinowski, including but not limited to, pre-operational briefing documents, raid plans, investigative reports, memoranda, warrants, and audio and video recordings.

The timeframe for the requested records is March 19, 2023 to the present.

6. By an email dated April 17, 2024, ATF acknowledged receiving Plaintiff's request and advised Plaintiff that the request had been assigned tracking number 2024-01073. ATF invoked a 10-day extension to respond to the request.

7. By an email dated April 24, 2024, ATF responded to Plaintiff's FOIA request, producing 55 pages of responsive records, albeit with redactions, and withheld additional pages in their entirety.

8. On May 1, 2024, Plaintiff administratively appealed ATF's withholdings of responsive information.

9. By letter dated May 1, 2024, Defendant acknowledged receiving Plaintiff's administrative appeal and advised Plaintiff that it was assigned tracking number A-2024-01515.

10. Plaintiff has received no further response.

11. As of the date of this Complaint, Defendant has failed to make a final determination on Plaintiff's FOIA request or otherwise respond to Plaintiff's administrative appeal.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is in violation of FOIA.

14. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

15. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's administrative appeal by May 30, 2024, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to make a final determination on Plaintiff's administrative appeal; (2) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (3) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (4) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (5) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

U.S.C. § 552(a)(4)(E); and (6) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 10, 2024 			Respectfully submitted,

/s/ James F. Peterson
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:	(202) 646-5175
Fax:	(202) 646-5199
Email: jpeterson@judicialwatch.org

*Counsel for Plaintiff*